**Curnis KING, Plaintiff–Appellant,**

**v.**

of deliberate indifference under the Four-

Norman Y. MINETA,* Secretary of Transportation; Federal Highway Transportation, an operating administration of the United States Department of Transportation, Defendants–Appellees.

No. 99–36135.

D.C. No. CV–98–00639–KI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 13, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Plaintiff Curnis King appeals the dismissal of his Title VII retaliation claim on summary judgment. The district court held that Plaintiff had failed to provide any evidence that he suffered an "adverse employment action." We affirm.

Only "non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation." *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000). Plaintiff argues that certain e-mails sent by an agency lawyer constituted actionable adverse employment actions because: (1) they asked that Plaintiff be removed as an EEO counselor and that he not be given advice by his employer, and (2) they "blacklisted" Plaintiff by potentially interfering with his ability to be promoted. Neither argument is persuasive on this record.

---

teenth Amendment as we would to a prisoner's claim under the Eighth Amendment. *Id.*

* Norman Y. Mineta is substituted for his predecessor as Secretary of Transportation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

 First, the request that Plaintiff be removed as an EEO counselor and that he be precluded from receiving employee assistance was not an adverse employment action because it was not "sufficiently final." *See Brooks,* 229 F.3d at 929–30 (holding that a negative performance review that had been appealed by the plaintiff and was subject to modification by the employer was not "sufficiently final" to be an adverse employment action). Plaintiff was *not* removed as an EEO counselor, and the record discloses affirmatively that the agency had no intention of removing Plaintiff as an EEO counselor or of withholding assistance to him.

 Second, Plaintiff's claim that the e-mails "blacklisted" him from future promotions is simply not supported. Plaintiff has provided *no* evidence that the e-mails could be or would be considered in any promotion decision. *Compare Hashimoto v. Dalton,* 118 F.3d 671, 676 (9th Cir.1997) (holding that a negative job reference to a separate potential employer was an adverse employment action because "it was a 'personnel action' motivated by retaliatory animus"), *with Kortan v. California Youth Auth.,* 217 F.3d 1104, 1113 (9th Cir.2000) (holding that a negative job reference that was not disseminated, and was eventually corrected, was not an adverse employment action).

In summary, the record proves that the e-mails were not personnel actions. They were either rejected outright or were largely ignored.

AFFIRMED.